**FILED**
**Oct 10, 2024**
**12:42 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



### TENNESSEE BUREAU OF WORKERS' COMPENSATION
### IN THE COURT OF WORKERS' COMPENSATION CLAIMS
### AT MEMPHIS

| | | |
|---|---|---|
| **JANICE SCOTT,** Employee, | ) ) ) | **Docket No.: 2023-08-01415** |
| **v.** | ) ) | |
| **THE KROGER CO.,** Employer, | ) ) ) | **State File No.: 24257-2022** |
| **And** **TROY HALEY, as ADMINISTRATOR of** **the BUREAU OF WORKERS'** **COMPENSATION, SUBSEQUENT INJURY** **and VOCATIONAL RECOVERY FUND.** | ) ) ) ) ) ) | **Judge Shaterra R. Marion** |

---

## EXPEDITED HEARING ORDER DENYING BENEFITS
## (DECISION ON THE RECORD)

---

Ms. Scott requested an expedited hearing with a decision on the record in which she seeks medical benefits for her alleged work injury. Kroger argued that her work injury did not primarily cause the need for the medical treatment. For the reasons below, the Court denies the requested benefits.

### History of Claim

Ms. Scott claimed she injured her shoulder on February 26, 2022, when lifting a heavy box. Her authorized treatment included a shoulder injection, x-rays, and an MRI, which showed a chronic tendon tear and high-grade muscle atrophy.

On July 11, 2022, Ms. Scott's authorized doctor referred her to orthopedist Dr. Thomas Throckmorton for "discussions of definitive treatment." Kroger provided a panel of orthopedics four days later that included Dr. John Lochemes.[1]

Ms. Scott signed the panel, selecting Dr. Lochemes on August 18, 2022. However, she would not see him until almost a year later. At a mediation in August 2023, she agreed to Dr. Lochemes as the authorized treating physician.

Shortly after the mediation, she sent a letter to her then-attorney saying that she changed her mind and did not want to see Dr. Lochemes. Instead, she wanted to see Dr. Throckmorton or another shoulder specialist. Kroger did not present evidence as to whether it received this communication.

Despite the intentions stated in the letter, Ms. Scott did see Dr. Lochemes on September 26, 2023. Dr. Lochemes conducted an exam and ordered shoulder x-rays, which showed chronic rotator cuff arthropathy. He also reviewed her MRI and diagnosed chronic rotator cuff arthropathy and a right-shoulder strain.

Dr. Lochemes recommended that Ms. Scott undergo a reverse total shoulder operation, but he did not find that her work injury contributed more than 50% to the need for the procedure. He also suggested that she see Dr. Throckmorton under her own insurance for the surgery.

Ms. Scott requested to treat with Dr. Throckmorton to receive another opinion on the primary cause of her shoulder injury.

## Findings of Fact and Conclusions of Law

*Evidentiary Ruling*

Before deciding the substantive issue, the Court considers Kroger's objection to the Court's consideration of settlement discussions and agreements. That objection is sustained under Tennessee Rule of Evidence 408.

*Analysis and Decision*

Ms. Scott has the burden of proving she is likely to prevail at a hearing on the merits on her claim for medical benefits. Tenn. Code Ann. § 50-6-239(c)(6) (2024); *McCord v.*

---

[1] Ms. Scott accepted the panel by signing it, agreeing in mediation to see Dr. Lochemes, and then seeing Dr. Lochemes.

*Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at \*7-8, 9 (Mar. 27, 2015).

To meet this burden, she must show that a physician found to a reasonable degree of medical certainty that her work injury contributed more than 50% in causing her current need for medical treatment, considering all causes. Tenn. Code Ann. § 50-6-102(12). The Court holds that Ms. Scott did not carry her burden of proof.

Ms. Scott testified by affidavit that her work injury caused her current shoulder problems. However, the Appeals Board found that an employee's "subjective belief, no matter how sincerely held, is not a sufficient basis to support her claim for workers' compensation benefits." *Rucker v. Fed'l Express Corp.*, 2024 TN Wrk. Comp. App. Bd. LEXIS 3, at \*8 (Feb. 12, 2024). Instead, Ms. Scott must present medical evidence to establish a causal relationship. *Cloyd v. Hartco Flooring Co.*, 274 S.W.3d 638, 643 (Tenn. 2008).

The Court acknowledges that Ms. Scott believes her work injury caused her current shoulder problems. However, Dr. Lochemes stated that Ms. Scott's work did not contribute more than 50% to her current need for medical treatment. The other doctors did not give causation opinions.

Based on the evidence provided, the Court finds that Ms. Scott is not likely to prevail at a hearing on the merits in showing that her work primarily caused her current need for medical treatment and denies her request for medical benefits at this time.

**IT IS THEREFORE ORDERED** as follows:

1. Ms. Scott's request for medical benefits is denied at this time.

2. The Court sets a status conference for **Tuesday, November 5, 2024, at 1:15 p.m. Central Time.** The parties must call **(866) 943-0014** to participate. Failure to call may result in a determination of the issues without the party's participation.

**ENTERED October 10, 2024.**

**Judge Shaterra R. Marion**
**Court of Workers' Compensation Claims**

# APPENDIX

Exhibits:
1. Affidavit of Ms. Scott
2. Work Related Injury Report Form
3. Medical Records – Finn Medical Associates
4. Medical Records – BMG
5. Medical Records – Campbell Clinic
6. Email and Letter to Attorney Andrew Wener
7. First Report of Injury
8. Signed Panel for Dr. Woodall
9. Signed Panel for Dr. Miller
10. Signed Panel for Dr. Lochemes
11. Medical Records – Titan Orthopedics

## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent as indicated on October 10, 2024.

| Name | Certified Mail | Regular Mail | Email | Sent to |
|---|---|---|---|---|
| Janice Scott, Employee | | X | X | 3267 Charlotte Road Memphis, TN 38109 Janice.scott44@gmail.com |
| Heather Douglas, Peyton Carr, Employer's Attorneys | | | X | hdouglas@manierherod.com pcarr@manierherod.com |
| Timothy Kellum, Subsequent Injury Fund Attorney | | | X | timothy.kellum@tn.gov |

_____

Penny Shrum
Clerk, Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov



<u>Right to Appeal</u>:

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board. To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.
   - If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.
   - If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.

   When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal. If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee. If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk. The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted. For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

   **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable. See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____    ☐ Motion Order filed on _____

☐ Compensation Order filed on_____    ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

## Parties

**Appellant(s)** (Requesting Party): _____ ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee
Appellee's Address: _____ Phone: _____
Email: _____
Attorney's Name: _____ BPR#: _____
Attorney's Email: _____ Phone: _____
Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*